# Rubin, Fiorella, Friedman & Mercante LLP

Attorneys at Law
630 Third Avenue, 3rd Floor
New York, New York 10017
Telephone: (212) 953-2381 / Facsimile: (212) 953-2462

Direct Dial:  212.447.4658
E-Mail:       lcardo@RubinFiorella.com

July 22, 2019

**VIA ECF AND FACSIMILE**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Gregg Singer, Sing Fina Corp., and 9th & 10th Street LLC v. The City of New York, et al.*, Docket No.: 1:18-cv-00615

Dear Judge Gardephe:

    We represent defendants The Greenwich Village Society for Historic Preservation, Inc. and Andrew Berman in this action. We submit this letter in response to the July 16, 2019 letter of plaintiffs Gregg Singer, Sing Fina Corp., and 9th & 10th Street LLC, and join in co-defendant Aaron Sosnick's July 17, 2019 letter submission.

    Plaintiffs contend that the United States Supreme Court's recent decision in *Knick v. Twp. of Scott, Pennsylvania*, 204 L. Ed. 2d. 558 (2019) renders their takings claim within their Fifth Cause of Action ripe for judicial review. While Plaintiffs misconstrue *Knick* as a complete overruling of *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), such is not the case. *Knick* only overruled *Williamson* to the extent that *Williamson* required that a plaintiff bringing a takings claim must exhaust all state court procedures for compensation for a taking before seeking redress in federal court.

    What Plaintiffs failed to recognize, however, is that the Supreme Court, in its *Knick* decision, did not address or otherwise overrule *Williamson*'s finality requirement. Under this requirement, the taking must be final in order for a takings claim to be ripe for federal review. This requirement was not at issue in *Knick* and therefore remains intact. *Knick*, 204 L. Ed. 2d at 569 ("Knick does not question the validity of this finality requirement, which is not at issue here."). Because the plaintiff in *Williamson* had an opportunity to seek a variance from the appeals board, the Supreme Court held that the taking was not final. 473 U.S. at 186–194.

1

Similarly, here the plaintiffs have an appeal presently pending before the Board of Standards and Appeals (the "BSA"), which has regulatory authority over the zoning resolution at issue. Until the appeal before the BSA is resolved and a decision is rendered, no alleged taking is final, and, accordingly, plaintiffs' takings claim is not ripe for federal review.

Additionally, pursuant to Your Honor's Individual Rule of Practice IV(H), all defendants' motions to dismiss have been fully briefed and filed. On September 7, 2018, Plaintiffs filed a letter requesting oral argument on the motions to dismiss. Thereafter, on January 11, 2019, Plaintiffs filed a letter alerting the Court that over ninety days had passed without oral argument or a decision being rendered. On March 15, 2019, Plaintiffs filed a letter motion requesting leave to file a supplemental pleading, which co-defendant Aaron Sosnick opposed on behalf of all Defendants on March 19, 2019. Because over ninety days have passed since the foregoing requests, we respectfully request a determination on the pending motions to dismiss.

Respectfully,

Paul Kovner, Esq.

cc: **VIA ECF**

Gerstman Schwartz & Malito, LLP
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Attn:   David M. Schwartz, Esq.
        Ian-Paul A. Poulos, Esq.

Dentons
1221 Avenue of the Americas
New York, N.Y. 10020-1089
Attn:   Charles E. Dorkey, III Esq.

The City of New York Law Department
100 Church Street
New York, N.Y. 10007
Attn:   Rachel K. Moston, Esq.